# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| MOHAMMED A. AALABDULRASUL, | : | BANKRUPTCY |
| | : | NO.   11-02108 |
| Debtor. | : | |
| | : | |
| MOHAMMED A. AALABDULRASUL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | ADVERSARY |
| | : | NO. 11-09089 |
| ACS; AMERICAN EDUCATION | : | |
| SERVICES; NATIONAL COLLEGIATE | : | |
| TRUST; SUN TRUST BANK; JP | : | |
| MORGAN CHASE BANK; SIMM | : | |
| ASSOCIATES, INC., | : | |
| | : | |
| Defendants. | : | |

**ORDER ON MOTION TO DISMISS AMERICAN EDUCATION SERVICES UNDER RULE 7021 (Doc. # 11)**

Plaintiff, Mohammed Abdulmuttalib Aalabdulrasul, filed a Chapter 7 bankruptcy petition on September 14, 2011.  He filed the current adversary on December 9, 2011, arguing that his obligation on five student loans he co-signed for his brother, Ali A. Abdulrasul, should be discharged.  The complaint states in part:

[T]he Defendants herein are identified as the three original lenders – Chase-JP Morgan Chase Bank NA, Sun Trust Bank, and Education

>Finance Partners/Union Bank of California. This third lender does not appear to have any involvement in the administration of the student loan, nor has any correspondence address for the entity been found, so its interests are being represented through its servicing agent, American Education Services and ACS Education Services.

(Complaint, ECF Doc. No. 1, at 3.)

On March 20, 2012, Defendant American Education Services (AES) filed a Motion to Dismiss under Federal Rule of Bankruptcy Procedure 7021 and Federal Rule of Civil Procedure 21. A telephonic hearing on the Motion was held on March 30, 2012. Plaintiff was represented by Yara El-Farhan Halloush and AES was represented by Douglas Lindstrom. The Court took the matter under advisement.

>Federal Rule of Civil Procedure 21 provides:
>
>Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. AES argues it should be "dismissed from this action pursuant to Federal Rule of Civil Procedure 21 because [it] is not a real party-in-interest; [it] does not have and has never had a proprietary interest in any of the loans." (Mt., ECF Doc. No. 11, at 1.) In support of its motion, AES presents an affidavit from Shelly Bowman which attests that AES is merely the loan servicer on three of the five loans and does not have any connection at all with the two remaining loans. Debtor does not dispute that AES is simply the loan servicer on three of the five

2

Case 11-09089    Doc 16    Filed 05/07/12    Entered 05/07/12 15:43:22    Desc Main
Document    Page 3 of 4

loans. Debtor objects to AES's motion arguing that if the Court discharges the debt there is a chance, AES, as the loan servicer, may still attempt to collect the debt. If AES is not a party to the case, Debtor questions what affect a discharge would have on AES's further collection efforts.

The Court finds that Debtor's concern is not sufficient to deny the Motion. In <u>Srinivasan v. Sallie Mae, Inc.</u>, No. 10-1545, 2010 WL 3633062 (Bankr. D.N.J. Sept. 7, 2010), the court held that a determination of dischargeability of a student loan, when only the loan servicer was named as a defendant, would serve no purpose. In <u>Srinivasan</u>, the plaintiff moved for default judgment against Sallie Mae. Sallie Mae argued there was no case to pursue because it was merely the servicer of the loan. The court held in part:

> None of the entities identified as the holder or owner of the consolidated loan is Sallie Mae, Inc. The court finds that the Debtor does not owe a debt to Sallie Mae, Inc. and did not owe a debt to Sallie Mae, Inc. on the date she filed bankruptcy. Sallie Mae, Inc. has merely been the servicer of her consolidated student loan. Since there is no debt due from the Plaintiff/Debtor to the Defendant, Sallie Mae, Inc., no purpose would be served in declaring the debt dischargeable. In light of the foregoing, the court denies the application by the Debtor for entry of judgment by default against Sallie Mae, Inc. and will close this adversary proceeding.

<u>Id.</u> at *3.

As in <u>Srinivasan</u>, the Defendant here, AES, is not owed a debt by the Debtor. Accordingly, AES cannot provide the relief Debtor seeks under 11 U.S.C. § 523(a)(8). Consequently, AES's Motion to Dismiss will be granted and AES

3

will be dismissed from the above-captioned adversary. Additionally, should this adversary be resolved in Debtor's favor, Defendants Chase-JP Morgan Chase Bank NA and Suntrust will be directed to notify AES of the outcome immediately to guard against any further potential collection efforts—thus curing Debtor's concerns.

    **WHEREFORE**, Defendant American Education Services' Motion to Dismiss American Education Services as a Party Pursuant to Federal Rule of Bankruptcy Procedure 7021 and Federal Rule of Civil Procedure 21 (ECF Doc. # 11), is **GRANTED**.

    **FURTHER** American Education Services is **DISMISSED** from the above-captioned action.

Dated and Entered: May 7, 2012

_____
**THAD J. COLLINS**
**CHIEF BANKRUPTCY JUDGE**